I'm here on behalf of Rolando Sanchez. May it please the Court. May I reserve one minute? You may, but your entire time is showing. We won't subtract it, so you'll have to keep track of your own time. Okay. Very good. You have 9 minutes and 30 seconds. Thank you. Thank you, Judge Schroeder. As I see it, the crux of this issue that I'm asking you to decide is does a misdemeanor domestic violence conviction create federal prohibited possessor status in two ways? One, by way of the conviction itself. And two, and the issue here is this, by way of the conditions of probation. By way of the conditions of probation. And I've got six reasons why it doesn't. I've got six reasons why it doesn't and why it shouldn't. One, Congress didn't intend it. Legislative history is pretty clear. Two, if you hold that conditions of probation create prohibited possessor status in this setting, you undermine your case law and the statute itself. Three, if you radically expand prohibited possessor status into the misdemeanor realm, then every misdemeanor assault, trespass, theft, anytime a misdemeanor judge says don't have any contact, then you've created prohibited possessor status in an entirely new area that it was never intended in the misdemeanor area for cases all over the board. Four, this kind of expansion of prohibited possessor status has got to be weighed against the two recent Supreme Court cases, Heller and McDonnell. Five, prohibited possessor status under Federal law doesn't have any mens rea. So now if you've got lower court, magistrate, justice court judges accidentally creating prohibited status or using any language, no contact, to create prohibited status, then you've got judges creating prohibited possessor status, and you've got defendants not knowing they're prohibited possessors. Well, isn't the real question before us what the statute means? Do we have to you seem to be arguing a policy, but can you translate that down to the words of the statute? Sure. Why does the statute serve the ends that you're arguing, the language? Well, the Congress – this statute was the result of a heated debate in Congress, and they didn't want to create prohibited possessor status in the misdemeanor context except in a narrow fashion. So the statute says misdemeanors, domestic violence misdemeanors that involve violence create prohibited possessor status. Those that don't, such as the ones here, disorderly conduct and trespass, don't. And the definition section, 18 U.S.C. 922 – 18 U.S.C. 921a33, big A, says that. And Nobriga, United States v. Nobriga, and Bellis, or Bellis, both Ninth Circuit cases, say that in order to create prohibited possessor status in this context by way of a domestic violence conviction, you've got to have some kind of violence or against the body. And that's what Nobriga and Bellis hold, and that's a fairly well-settled case law. This, incidentally, is a case of first impression in the Ninth Circuit, and if the issue is conceptualized, as I suggest, in the United States as well. So the government has asked that you create prohibited possessor status in a wide range. The government's argument is this. I think the government's argument is somewhat different. I think the government's argument is that this order is directed to domestic violence, and that he is prohibited from contact, that the – subsumed in that is a finding about abuse or physical violence, and you should take it at its word. I take it – for me, the difference is this. You've got the Eleventh Circuit, Fourth, and others who say these kind of conditions are just fine and that qualify. The difference in this case is that in those cases, they did have in the conditions abuse, harass, strike. This one doesn't. Now, I don't know if that makes a difference or not, but that's the way I – that's the issue I see in the case. Well, you know, Judge Thomas, those cases, First, Fourth, and Eleventh, all involve protective orders and don't involve a domestic violence conviction. True. But I'm not sure that there – why is there a conceptual difference if there is a condition after a domestic violence conviction that embraced the same language? Conceptually, why would there be any difference? Well, you know, perhaps I'm arguing the policy that Judge Schroeder said again, but it's like concentric circles, I think. What you're – what you're saying here is that there's two concentric circles. The smaller one is the one the statute provides, and you're saying that the government's Well, the distance between those two concentric circles is all the new cases, all the new misdemeanor cases throughout the Ninth Circuit that will create prohibited possessor status that Congress never intended. If you adopt that view of concentric circles, then you're going to create untold numbers of — Well, not necessarily. I mean, we're talking about domestic violence here, and the Congress was – it appears to me Congress was interested in that. And so I accept your parade of horribles, but I'm not sure that it necessarily falls from – follows from this case. Well, let me suggest one other interesting aspect of this case, actually more fact-specific, if you will, rather than policy-wise, and that would be this. This is a no-contact order except with permission, depending upon how you look at it. If it's no-contact order without permission, then contact is possible. Is he not a prohibited possessor, then, when contact is possible? And certainly that would stand it on its head. In other words, you could have contact with the victim and you aren't a prohibited possessor. The orders are all over the place. The court order says no contact, the conditions of probation and the regulations of probation say no contact without permission, or lots of other things. Isn't he charged with 922? He's charged with 922, A-G-8. Isn't that right? That's correct. The question is whether or not the judge instructed properly under that statute. That's my other argument, Your Honor. What happens is that, from what I understand, the gun triggers an invocation of this statute. Now, the question is, does he come with an A, B, C, one eye and two eyes? He comes with a... What you have to look at is whether or not he came within these statutes. Does he come within A? Does he come within B? Or if he comes within C, was there a finding of credible threat? And there's no finding of credible threat here, I find. So he comes into double eye below. Double eye below says it has to be explicit. So what the parties are arguing about here is, what does the word explicit mean? And if you follow the cases, the Boss case and the Concha case, both of those are explicit in the fact that they do specify what type of action the person has to use. So it's more... So the question here, as I see it, is what does the word explicit mean and does this one cover it? Because it gives, it has, there's an A, there's an or, but there's an and. So you have to follow the statute. I agree. And so it would be, if I ask you to write an opinion that's explicit but not exact, and that's part of the jury instruction that perhaps you'll hear about from the government. I've used up my time. Unless you want to... If you want to reserve your time for rebuttal, I guess you have. Yes, I have. Thank you. Good morning, Your Honors. May it please the Court. I'm Angela Woolridge here on behalf of the United States. The district court did not err by denying the defendant's motion for a judgment acquittal because when viewed in the light most favorable to the prosecution, the evidence presented at trial was sufficient for any rational trial or fact to find the essential elements of the defendant's offense beyond a reasonable doubt. As the Court has already pointed out, the real question in this case is one of whether the statute, I'm sorry, whether the order in this case, the no-contact order, falls within the term of the statute, specifically 922G8C2I, by explicitly prohibiting the use, attempted use, or threatened use of physical force against an intimate partner. Now... The problem is it doesn't, right? Your Honor, it's our position that it does, because there is no difference between the order in this case, a no-contact order, and an order that would list out exhaustively every single possible type of contact, abuse, pushing, hitting, assaulting, except for that the latter would be, you know, 50 pages long. Instead, and we can't expect our lower courts to do that, to have to, in every case where they want a defendant not to have contact with a victim, list out every conceivable possible type of conduct. Instead... Well, let me give you an example. Let me give a hypothetical. And it's barely hypothetical, because this kind of order was actually in a case I heard a short while ago. And the order was similar to this, but the reason for the order was they said the person was a bad influence. There was no suggestion at all that there was any violence, no suggestion that there had been violence. But it was, you should refrain from contact with this person. And that's not uncommon. You know, part of supervised release is they don't have contact with felons, don't have contact with X, Y, or Z. So how do we presume that a no-contact order means that there was violence, threatened violence, and so forth? If Congress hadn't said explicitly, it would be a different situation. So that's my trouble, so maybe you can help me out. Sure. And while this Court has not addressed this issue specifically as of yet, I think the closest that it has gotten is the case of United States v. Young, which is 458 Fed Third 998, which is decided in 2006. Now, the issue that this Court addressed in the Young case was whether under 922 GAA, the statutory language, the notice of hearing was sufficient to meet the statutory language. However, it's interesting to note that the underlying order was the same as in this case, a no-contact order. In that case, this Court reversed the district court's granting of the defendant's motion for judgment acquittal and remanded the case back to the district court. But it is interesting to note that, again, it was the same order, a no-contact order. And again, just as the defense counsel brought up the issue of concentric circles, here the greater necessarily encompasses the lesser. Here we have a broad order, as the district court even stated, that no-contact order is broad, but within that breadth, the things that the statute requires are contained. So we've got the broader no-contact order. In that is contact that would involve the use of force. In that is contact that would involve the attempted use of force. And so it's clear. If the statute had said that includes, you we really wouldn't have a problem, because, because what, because the physical threat is encompassed within it. But it's not, it's not an express, it's not an express prohibition against the use of physical force in that, and that's what the statute says. And, Your Honor, it's our position that that is an express prohibition, because although it does not include those exact words, it does make it clear, it does make it unambiguous to the defendant that he can't do any of these things that the statute prescribes. And that's what the statute says, that he can't do any of these things that the statute  And so, by having no contact, by having no contact, he clearly can't abuse the victim. He clearly can't threaten the no-contact. But, you know, I look at the other circuits' treatment of this, and they didn't really rest on that rationale. They talked about the word abuse and what it means and its common sense. And those, the other circuit cases, the orders talked about refraining from abusing, harassing, whatever. To me, there's a difference between those cases and this, and I take your point. But you do seem to, by saying violence is included with any noncontact, is kind of a leap in a lot of cases where there's no violence. And is your go ahead. No, no, please. Kennedy, is it your position that you have to strictly construe the statute? This is a criminal statute. A violation of the no-contact order by the judge would merely be a sanction that he would have contempt of court. But on something like this, don't you have to follow the statute? And I still get down, don't you have to say that you have to go down the statute and find what double I means? Small double I. And the question here was, did the judge instruct the jury properly? And in instructing the jury properly, you have to focus on double I, and double I says the terms explicitly prohibit. These others are general terms. This is explicitly prohibit. Is that the issue of the case? That is correct, Your Honor. And the judge did instruct the jury as such. In fact, he gave the jury an instruction, and I believe we submitted it to the Court recently, a copy of that instruction. He gave an instruction that contained the exact words of the statute. And that included this exact words by its terms. It included C double I by its terms, explicitly prohibits the use, attempted use, or threatened use of physical force. So the judge did no contact order without expressly stating what he had not to do? Your Honor, I'm not aware of any circuits that decided a case just as in this case with these exact facts. Our position is that essentially it would be – it would frustrate the very purpose of the statute, and it would lead to absurd results if we were to apply – if the statute were to be applied only to individuals who are not found to be such a threat, such that they couldn't have any contact with the victim, but the Court said – says, okay, you may have some contact with this victim, but you just can't abuse them. Versus in this case, where the Court finds you can't have any contact at all. And so again, the greater – What are you – I'm sorry to interrupt, but I'm getting back to my hypothetical. What about the – what about all those orders that are out there where it's for the good of the person, the defendant, who is supposed to be rehabilitated, not to have contact with other people? You're not trying to protect anyone in that circumstance, but under your theory, that would embrace it. Isn't that true? Well, Your Honor, I think that there would still – again, it would still be subject to all of the other provisions that the statute requires, such as the intimate partner relationship, such as the hearing and the notice and things like that. So I don't think that the effect would be quite so overreaching or quite so – quite so broad as the Court contemplates. I think that it would still be only – only apply in certain – in certain cases, and I think that this is exactly the type of case, if we're looking at intent, that it was intended to apply, where someone's found – Because this is a conviction for domestic violence? Is that correct? Correct. And because the Court found for this defendant that you are such a threat to the victim, you're not to have any contact with her whatsoever. There's not that – there's not that finding, honestly, in there. And I was struck at trial, and maybe you can correct me, but it appeared that there was no testimony about any violence, right? There was not. The victim testified, and all she said was, we have a trial together. It was a four-line testimony. That's correct. The government didn't ask what happened, and the defendant, I guess, asserted that there was no violence at all in the contact. There was some property damage or something. The statute of offense was, Your Honor, with regard to the underlying facts, there was actually quite a bit more, and it was, in fact, a violent offense. However, the nature of the conviction, and as far as the judicially noticeable documents to support it, he was not convicted of a statute, for instance, that would meet the criteria of 922G9. Right. Right.  And so I think it's important for the lower courts in the domestic violence conviction to say you're to have no contact, and then also say you're not to use physical force, you're not to threaten physical force, you're not to attempt physical force, because that was already encompassed in the no-contact order. So I think that to apply the statute in the way that the defense is providing really would frustrate the very purpose of the statute and lead to absurd results, because then it would require the lower courts, when they find that someone is such a threat, that they are not to have any contact with the person, then to go back and specifically define all the different types of contact that that might involve. I get back to double I. Why would you need double I, then? Because we would need double I because there has to be certain things that are met. The order must restrain a person from harassing, stalking, or threatening. And it must also, a, or I should say single I, include a finding which does not apply in this case, or double I expressly prohibit the use, attempted use, or threatened use of force. In this case, we have both. No contact restrains a person from harassing, stalking, or threatening. And no contact prohibits the use, attempted use, or threatened use of force. Well, you have to use double I because I says you have to have a finding of a credible threat, and there's no finding of a credible threat. That's correct, Your Honor. Double I. Correct. What do you have the statute for if you're not the follower? I'm sorry? Uh-oh. You see, I'm out of time. Thank you. Thank you. It's a tough case. I'll submit it on the briefs. I see you guys understand it real well. Thank you. The next case, the case just argued, is submitted.
judges: Conti, Schroeder, Thomas